# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY.ORG, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> RYAN ZINKE, ET AL., <br><br> Defendants. | Case No. 1:17-CV-01176 LJO-EPG <br><br> **ORDER GRANTING WITH CONDITIONS STATE WATER CONTRACTORS' AND METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA'S (ECF NO. 16) AND CALIFORNIA DEPARTMENT OF WATER RESOURCES' (ECF NO. 34) MOTIONS TO INTERVENE** |

The Court has received and reviewed the motions to intervene filed by the State Water Contractors and the Metropolitan Water District of Southern California (ECF No. 16) and the California Department of Water Resources (ECF No. 34), as well as all responses and replies. ECF Nos. 23-25, 38.

For good cause shown, both motions to intervene as of right as defendants in this action are GRANTED subject to the condition that Defendant-Intervenors make every effort to avoid duplicative briefing. Defendant-Intervenors shall file their lodged Answers within three (3) business days of entry of this order.

Plaintiffs' separate request to limit Defendant-Intervenors' briefs or memoranda to ten pages, in

1

the case of motions and responses, and seven pages, in the case of replies, is DENIED. The request is unwarranted by the circumstances and unsupported by the relevant authorities that require intervenors be placed on an "equal footing" with other litigants. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 901 (9th Cir. 2011). In related cases, the Court has set page limits for every major round of motions in advance during the scheduling process. Plaintiffs' concerns regarding the speedy resolution of this case and the burden of overlength and/or duplicative briefing may be raised at that time.

The Court takes this opportunity to note, however, that the increasingly long page limits being requested in both non-dispositive and dispositive motions in related cases makes efficient resolution of disputes extremely difficult. Going forward, the Court is inclined to be more restrictive with page limits overall and will not hesitate to strike duplicative briefing. The parties should consider this when proposing page limits during the scheduling process.

IT IS SO ORDERED.

Dated: **October 16, 2017**      **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE