1  JEAN E. WILLIAMS, Deputy Assistant Attorney General
   U.S. Department of Justice
2  Environment & Natural Resources Division
   Wildlife & Marine Resources Section
3  SETH M. BARSKY, Section Chief
   S. JAY GOVINDAN, Assistant Section Chief
4  NICOLE M. SMITH, Trial Attorney
   601 D St. NW
5  Washington, D.C. 20530
   Telephone: 202-305-0368
6  Facsimile: 202-305-0275
   Email: nicole.m.smith@usdoj.gov
7
   LESLEY LAWRENCE-HAMMER
8  STEPHANIE J. TALBERT
   Senior Attorney
9  999 18th St., Suite 370
   Denver, CO 80202
10 Telephone: 303-844-7231
   Facsimile: 303-844-1350
11 Email: stephanie.talbert@usdoj.gov
   *Attorneys for Federal Defendants*
12

13                    **UNITED STATES DISTRICT COURT**
                      **EASTERN DISTRICT OF CALIFORNIA**
14

15
   BAY.ORG, *et al.*,                 | **Civ. No. 1:17-cv-01176-LJO-EPG**
16                    Plaintiffs,
                                       | **MEMORANDUM IN SUPPORT OF**
17        v.                           | **MOTION TO STRIKE OR, IN THE**
                                       | **ALTERNATIVE, CONSIDER ADDITIONAL**
18 ZINKE, *et al.*,                    | **EXTRA-RECORD EVIDENCE**
19                    Defendants,
20        and
21 STATE WATER CONTRACTORS, *et al.,*
22                    Defendant-Intervenors.
23

24                         **INTRODUCTION**

25        On August 16, 2018, the Court denied Plaintiffs' motion to supplement the

26 Administrative Record (AR), but granted Plaintiffs' motion to consider extra-record evidence.

27 *See* Memorandum Decision and Order Denying Motion to Complete the Administrative Record
28

                                      1

and Granting Motion to Consider Extra-Record Evidence (Memorandum Decision) at 21, ECF No. 66.  In particular, the Court granted consideration of extra-record documents for the limited purpose of determining whether Federal Defendants failed to consider relevant factors regarding the Smelt Working Group recommendation system and requests by the Bureau of Reclamation (Reclamation) to reinitiate consultation with the U.S. Fish and Wildlife Service (FWS) during drought conditions.  *Id.* at 15, 21.

In the Memorandum Decision, however, the Court granted Federal Defendants permission to file a five-page, targeted motion to strike that demonstrates that the issues were considered elsewhere in the AR or that the issues are immaterial.  *Id.* at 21.  Federal Defendants hereby move to strike Plaintiffs' extra-record documents or, in the alternative, include additional extra-record documents so that the Court has before it a more complete set of background information for purposes of reviewing Plaintiffs' claim that Federal Defendants failed to consider relevant factors.  Plaintiffs oppose both motions.

## ARGUMENT

### I.   THE SMELT WORKING GROUP RECOMMENDATION DOCUMENTS AND DROUGHT REINITIATION REQUESTS ARE NOT RELEVANT.

Neither the Smelt Working Group recommendation system nor the requests for reinitiation were discussed in the AR (other than as described in Federal Defendants' Opposition to Plaintiffs' Motion to Complete the AR) because neither are relevant issues.  The Smelt Working Group recommendations and requests for reinitiation are relevant to a wholly separate matter—the implementation of the 2008 Biological Opinion for the long-term coordinated operations of the Central Valley Project (CVP) and State Water Project (SWP) (2008 LTO BiOp).  Thus, the subject matter of the extra-record evidence is not directly relevant to the

Fed. Defs.' Notice of Mot. and Mot. to Strike Or, In The Alternative, Consider Additional Extra-Record Evidence

WaterFix Biological Opinion (BiOp) at issue in this case.  *See* Fed. Def. Opp. to Plaintiffs'

Motion to Complete the AR at 10-11, ECF No. 59.

   Nonetheless, Plaintiffs suggest that the recommendation system and the reinitiation

requests are mitigation measures that FWS relied on in the WaterFix BiOp to address negative

impacts on smelt from operation of WaterFix.  Pls.' Reply In Support of Mot. To Complete the

AR at 3-9, ECF No. 62.  That position misunderstands the WaterFix BiOp.  The WaterFix BiOp

specifically states that some WaterFix activities, including "operations of the new [California

WaterFix] facilities," are addressed only programmatically and will require future approvals after

separate consultation before they are authorized to commence.  FWS0347909.

   The proposed action analyzed in the WaterFix BiOp provides "Guiding Principles" to

"establish a framework in this consultation under which future [WaterFix] actions will be

developed to ensure both that future consultations related to [WaterFix] actions build upon the

analysis in this document . . . and that the [WaterFix] is constructed and operated in a manner

that promotes" the goals of California's Delta Reform Act.  FWS0347674.  The Guiding

Principles "are intended to promote . . . ecological conditions suitable for all life stages of delta

smelt," and include, but are not limited to, specific commitments to improve habitat conditions

and minimize entrainment of delta smelt.  *Id.*  This governing framework for the analysis of

effects from future WaterFix operations provides the basis for the conclusions reached in the

WaterFix BiOp related to operations and does not include any mitigation measures related to the

Smelt Working Group recommendation system or a drought response consultation process (or

any similar processes).  FWS0347909-11.

   Although WaterFix also includes an adaptive management program that "incorporates a

collaborative science process," that collaborative process to "further refine" operating criteria for

Waterfix will only be utilized in the future consultation(s) on operations.  FWS0347912.

Fed. Defs.' Notice of Mot. and Mot. to Strike Or, In The Alternative, Consider Additional Extra-Record Evidence

Nothing in the record indicates that those operating criteria will include the exact mechanisms employed during past drought conditions as part of any future WaterFix drought operations. FWS0347924 ("Real-time management of entrainment risk would also occur, as needed, in a manner similar to the existing determination process *or may be modified in the reinitiation process* . . . .") (emphasis added).  Thus, the Smelt Working Group recommendation documents and reinitiation requests under the 2008 LTO BiOp are not relevant to the challenge to the WaterFix BiOp at issue here.[1]  Accordingly, the Court should strike the disputed documents.

## II.     THE COURT SHOULD CONSIDER ADDITIONAL EXTRA-RECORD DOCUMENTS.

In the alternative, if the Court decides to consider Plaintiffs' extra-record documents, the Court should also consider 29 additional documents (26 Exhibits).  These documents put Plaintiffs' exhibits in context and provide the Court with a better understanding of their significance.

In their motion to supplement, Plaintiffs requested that the Court consider four Smelt Working Group Notes from 2014-2016 and one 2016 FWS Determination.  *See* Memorandum Decision at 8.  In fact, over one hundred such documents were generated during 2013-2016.  *See* https://www.fws.gov/sfbaydelta/CVP-SWP/SmeltWorkingGroup.htm (last visited Nov. 28, 2018).[2]  Federal Defendants are providing a limited number of these and three summary reports so that the Court can review a broader set of background information regarding the Smelt Working Group recommendation system in order to determine whether FWS "fail[ed] to consider a general subject matter that is demonstrably relevant to the outcome of the agency's

---

[1] Resolution of the merits of whether Federal Defendants considered all relevant factors is properly reserved for summary judgment.

[2] The Court may take judicial notice of these documents since they are publicly available on FWS's website.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

4

Fed. Defs.' Notice of Mot. and Mot. to Strike Or, In The Alternative, Consider Additional Extra-Record Evidence

decision . . . ." *In re Delta Smelt Consol. Cases*, No. 1:09-cv-1053 OWW DLB, 2010 WL
2520946, at * 5 (E.D. Cal. June 21, 2010).  Federal Defendants are prepared to produce the entire
collection but, at a minimum, request that the Court consider the additional extra-record
documents attached to the Sixth Declaration of Kaylee Allen as Exhibits T-EE.

Plaintiffs also requested that the Court consider nine documents that include requests by
Reclamation to reinitiate consultation and FWS's responses to those requests.  *See* Memorandum
Decision at 16.  Several of Plaintiffs' exhibits are incomplete because they lack attachments,
corrections, or corresponding memoranda.  Federal Defendants request that the Court consider
ten documents related to Plaintiffs' exhibits.  Additionally, Federal Defendants provide seven
more related documents so that the Court has before it a broader set of examples of past
reinitiation requests during drought conditions.  Accordingly, Federal Defendants request that the
Court consider the additional related extra-record documents attached as Exhibits FF-SS.

Whether to allow extra-record evidence is within the discretion of this Court—"'the
relevant factors exception permits a district court to consider extra-record evidence to develop a
background against which it can evaluate the integrity of the agency's analysis.'"  Memorandum
Decision at 13 (quoting *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th
Cir. 2014)).  When the Court allows extra-record evidence, "all parties should have an equal
opportunity to present extra-record evidence in support of their position."  *Nw. Coal. for
Alternatives to Pesticides v. EPA*, 920 F. Supp. 2d 1168, 1176 (W.D. Wash. 2013).

Accordingly, for the limited purpose of determining in summary judgment whether
Federal Defendants properly considered relevant factors such that its action was not arbitrary and
capricious, Federal Defendants request that the Court consider the additional documents attached
to the Sixth Declaration of Kaylee Allen.

Dated: November 30, 2018

Respectfully submitted,

*/s/ Stephanie J. Talbert*
Stephanie J. Talbert
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th St., Suite 370
Denver, CO 80202
Telephone: 303-844-7231
Fax: 303-844-1350
stephanie.talbert@usdoj.gov

*Attorney for Federal Defendants*

Federal Defendants' Motion to Strike Or, In The Alternative, Consider Additional Extra-Record Evidence

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2018, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification to the attorneys of record in this case.

/s/ *Stephanie J. Talbert*

Stephanie J. Talbert