# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY.ORG, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DAVID BERNHARDT, *et al.*,<br><br>　　　　　Defendants,<br><br>　and<br><br>STATE WATER CONTRACTORS, *et al.*,<br><br>　　　　　Defendant-Intervenors. | **Case No. 1:17-cv-01176 LJO-EPG**<br><br>**ORDER RE REQUEST TO STAY CASE (ECF NO. 88)** |

On June 29, 2017, Plaintiffs, a coalition of environmental interest groups, filed the currently operative Complaint, which includes a single claim brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq.*, against the United States Fish and Wildlife Service ("FWS"), a branch of the U.S. Department of the Interior, as well as the Secretary of the Interior and FWS's Acting Director. ECF No. 1. The Complaint concerns FWS's Biological Opinion ("BiOp"), issued under Section 7 of the ESA, regarding the impacts of California's proposed WaterFix project ("WaterFix") on the endangered Delta Smelt. *Id*. It is alleged that as part of WaterFix, the U.S. Bureau of Reclamation ("Bureau" or "Reclamation") and Defendant-

1

Intervenor the California Department of Water Resources ("DWR") proposed to construct three new water intakes on the Sacramento River, each capable of diverting 3,000 cubic feet per second ("cfs") of water. *Id*. at ¶ 2. The Bureau and DWR also propose to construct two tunnels that will transport water from these intakes to existing pumping plants in the South Delta, bypassing up to 9,000 cfs of water underneath (instead of through) the Sacramento-San Joaquin River Delta. *Id*.

Pursuant to the schedule in this case, Plaintiffs filed their motion for summary judgment on January 25, 2019. ECF No. 82. In mid-January 2019, briefing was stayed temporarily in light of the then-ongoing partial federal government shutdown. ECF No. 84. Upon the restoration of appropriations, the Court imposed a new joint schedule that set March 26, 2019 as the deadline for Defendants to file oppositions/cross-motions for summary judgment, with Plaintiffs' reply/opposition due April 23, 2019, and Defendants' replies due May 14, 2019. ECF No. 86.

On February 12, 2019, California Governor Gavin Newsom announced that he does not "support the Water Fix as currently configured," and, specifically, that he does "not support the twin tunnels." DWR's Request for Judicial Notice, ECF No. 89, Ex. A at 5. Governor Newsom did, however, indicate his belief that "we can build on the important work that's already been done," and expressed his "support" for a "single tunnel." *Id*. On March 1, 2019, DWR filed a motion to stay the proceedings in this case for 90 days to "allow DWR to determine the regulatory approach to ESA compliance and whether that approach would or would not moot the underlying ESA claims in the above-entitled action." ECF No. 88 at 3. Federal Defendants join the request. ECF No. 94.[1]

Plaintiffs oppose the imposition of a stay in this case, arguing that it would prejudice them

---

[1] Federal Defendants support a stay as an alternative to their underlying contention that this matter is not ripe for decision. In their brief in support of DWR's motion to stay, Federal Defendants attempt to incorporate by reference arguments made in their summary judgment brief filed in *Golden Gate Salmon Ass'n, et al*. v. Ross, 1:17-cv-1172 LJO EPG. There, Federal Defendants have taken the position that Plaintiffs' challenge to the separate BiOp issued by the National Marine Fisheries Service in connection with WaterFix's impacts to various ESA-listed salmonid species is not ripe because no final decision has been made to proceed with WaterFix. *Golden Gate*, ECF No. 75-1. The Court declines to import that deceptively complex jurisdictional issue, which has been fully briefed in *Golden Gate* but not in this case, into the present dispute.

2

because, among other things, DWR has refused to stop preconstruction work on WaterFix during the stay and therefore that the stay would increase the risk that Plaintiffs will need to seek preliminary injunctive relief to block construction before the Court can adjudicate the parties' summary judgment motions.

United States district courts have inherent authority to stay proceedings, for the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). This is true even if the issues in such proceedings are not necessarily controlling with respect to the action before the court. *Id*. In exercising its discretion, a court must evaluate the competing interests affected by either granting or refusing a stay, including "the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted). Put another way, "[i]n determining whether to stay proceedings, the Court considers the following factors: (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). A court must "balance the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite," a court should "require a greater showing to justify it." *Id*. There is a "general policy favoring stays of short, or at least reasonable, duration." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1067 (9th Cir. 2007).

3

Here, there are legitimate concerns on both sides. Defendants wish to avoid wasting resources preparing summary judgment briefs to defend an environmental review that may no longer have any practical import. This concern is tempered somewhat by the principle that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Plaintiffs legitimately are concerned that they are being asked to shoulder the risk that a 90-day stay of this case, without a concurrent stay of all preparatory activities related to a reconfigured WaterFix project, would allow the project (whatever that reconfigured project might look like) to creep closer to readiness without this lawsuit keeping pace.

DWR points out, and it is not in dispute, that several additional layers of approval will be required before any form of WaterFix may move forward to the construction phase. Among other things, the California State Water Resources Control Board ("SWRCB") will be required to approve a water right change petition.[2] But, the fact that other formal approvals are required does not obviate the reality that continuing with non-construction preparatory work will facilitate the speedy implementation of any revised WaterFix project upon obtaining all necessary approvals. Otherwise, why would DWR continue with such preparatory work in such a climate of uncertainty? Only if DWR agrees to freeze all preparatory activity related to WaterFix will this potential prejudice be avoided. If DWR does not agree to do so, Plaintiffs face an increased risk (albeit of indeterminant magnitude) that they will need to seek injunctive relief to stop construction before this Court can rule on the merits. Once fully briefed, Plaintiffs could at least refer back to the merits briefs in lieu of a showing of likelihood of success on the merits. DWR cannot have it both ways.

---

[2] DWR and Reclamation already filed a joint water right change petition for the twin tunnel version of WaterFix. On March 5, 2019, the SWRCB granted DWR and Reclamation's request to hold that petition in abeyance for 60 days, a period the agencies claimed would be sufficient "to assess how [Governor Newsom's announcement] will affect existing and new permit and planning work, including the WaterFix petition process." ECF No. 95-1 at p. 7 of 8. DWR fails to explain why they are requesting a 90-day stay in this case, as opposed to the 60-day stay requested in the SWRCB proceeding.

Accordingly, on or before March 22, 2019, DWR shall file a status report in which it may reconsider whether it agrees to freeze all preparatory activity related to WaterFix (apart from activity required to review the project in light of Governor Newsom's announcement) during the pendency of its requested 90-day stay. If DWR declines to agree to freeze such preparatory activity, the Court is inclined to deny the requested stay, absent a material change in circumstances. To avoid the expenditure of resources on briefing while DWR decides upon its election, all briefing deadlines in this case are continued by fourteen (14) days.

IT IS SO ORDERED.

Dated: **March 11, 2019**   /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE